UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
SHARON WEST A/K/A SHARON SMITH
on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

     -against-

STONELEIGH RECOVERY ASSOCIATES, LLC

                        Defendant.
-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    MAR 04 2014    ★

LONG ISLAND OFFICE

**CV-14 1443**

**DEARIE, J.**

LEVY, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Sharon West a/k/a Sharon Smith seeks redress for the illegal practices of Stoneleigh Recovery Associates, LLC. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Lombard, Illinois.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Sharon West a/k/a Sharon Smith*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 6, 2013, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter stated in pertinent part as follows: "As of the date of this letter you owe $2,684.56. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which even we will inform you. For further information, write the undersigned or call 877-812-8951."

12. Upon information and belief, the said language in the above letter deceptively threatens "late charges" and "other charges" of which the Defendant does not engage.

13. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in deceptive practices.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

14. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirteen (13) as if set forth fully in this cause of action.

15. This cause of action is brought on behalf of Plaintiff and the members of a class.

16. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about March 6, 2013; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Bureaus Investment Group; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10) for false threats of deceptive actions.

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

19. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

21. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

22. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
March 3, 2014

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

PO Box 1479
Lombard, IL 60148-8479





**Stoneleigh Recovery Associates, LLC**

Office Hours:
Monday-Thursday 8am-8pm
Friday 8am-5pm

630-812-2821

SLR/1745327/0001   621020924604   905/0000799/0004

Sharon West-Smith
7 Helen Ave Apt 1
Freeport, NY 11520-3960

| | |
|---|---|
| Date: | March 06, 2013 |
| Original Creditor: | CAPITAL ONE CARD SERVICES, INC. |
| Original Account No.: | 5200940094818709 |
| Current Creditor: | BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC |
| SRA File No.: | 1745327 |
| Balance Due: | $751.43 |

Dear Sharon West-Smith,

BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC has referred your delinquent account of $751.43 to Stoneleigh Recovery Associates, LLC (SRA) for collection.

SRA is a debt collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify SRA within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, SRA will assume this debt is valid. If you notify SRA in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, SRA will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice SRA will provide you with the name and address of the original creditor, if different from the current creditor. The law does not require us to wait until the end of the 30 day period before taking action to collect this debt. But, if disputed in writing, we will cease collection activities until we provide you with the validation information you requested.

As of the date of this letter, you owe $751.43. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you. For further information, write the undersigned or call 877-812-8951.

If you have any questions, please feel free to contact Andrew Howard at 877-812-8951 between the hours of 8:00 AM and 8:00 PM (CDT).

Regards,

*Andrew Howard*

Andrew Howard
Stoneleigh Recovery Associates, LLC

This collection agency is licensed in New York City, License# 1274118

**This notice has been sent by a debt collector, this is an attempt to collect a debt;
any information obtained will be used for that purpose.**

---

TO ENSURE PROPER CREDIT, DETACH COUPON BELOW AND MAIL IN RETURN ENVELOPE WITH YOUR PAYMENT.
BE SURE THE RETURN ADDRESS APPEARS THROUGH THE WINDOW OF THE REPLY ENVELOPE BEFORE MAILING.

Sharon West-Smith
7 Helen Ave Apt 1
Freeport, NY 11520-3960

PLEASE PRINT ADDRESS CHANGES IN BOX BELOW
New Address: _____

Home Phone: (   )
Work Phone: (   )

| | |
|---|---|
| Date: | March 06, 2013 |
| Original Creditor: | CAPITAL ONE CARD SERVICES, INC. |
| Original Account No.: | 5200940094818709 |
| Current Creditor: | BUREAUS INVESTMENT GROUP PORTFOLIO NO 15 LLC |
| SRA File No.: | 1745327 |
| Balance Due: | $751.43 |

▼ SEND ALL PAYMENTS TO ▼

Stoneleigh Recovery Associates, LLC
PO Box 1479
Lombard, IL 60148-8479

Page 1 of 1 / 905

0001